USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/11/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                         :
YVONNE MASSARO,                               :
                                Plaintiff,  :
                                                         :         17 Civ. 8191 (LGS)
              -against-                  :
                                                         :         **OPINION AND ORDER**
THE DEPARTMENT OF EDUCATION OF  :
THE CITY OF NEW YORK, THE BOARD OF  :
EDUCATION OF THE CITY SCHOOL      :
DISTRICT OF THE CITY OF NEW YORK    :
                                                         :
                                          Defendant.  :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Yvonne Massaro brings this action against The Department of Education of the City of New York ("DoE"), alleging violations under 29 U.S.C. § 623 of the Age Discrimination in Employment Act (the "ADEA"). Defendant moves to dismiss the Amended Complaint ("Complaint") under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Defendant's motion is granted.

## I. BACKGROUND

      The following is based on allegations in the Complaint, documents attached to or integral to the Complaint and facts of which courts are permitted to take judicial notice. *See Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). For purposes of this motion, all factual allegations in the Complaint are assumed to be true. *See Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 725 (2d Cir. 2017).

      Yvonne Massaro was employed as an art teacher by the DoE from 1993 until her retirement on June 28, 2016, at age 55. During her tenure, she filed two lawsuits, one in 2008 and another in 2011, against the DoE alleging discrimination. She filed the second of these in

October 2011, in the Supreme Court of the State of New York ("*Massaro I*"), alleging, among other things, that Defendant had discriminated and retaliated against her on the basis of age and for bringing the 2008 action. The lawsuit was dismissed on May 10, 2013, and the Appellate Division of the Supreme Court of New York affirmed the dismissal on October 23, 2014. *Massaro v. Dep't of Educ. of New York*, 993 N.Y.S.2d 905 (1st Dep't 2014).[1]

The Complaint in the instant case alleges that former Principal Anthony R. Lodico, Principal Allen Barge and Assistant Principal Spy Kontarinis retaliated against Plaintiff for filing the 2008 and 2011 lawsuits and discriminated against her based on her age. The Complaint alleges that the discriminatory and retaliatory conduct were continuing from August 2013 to Plaintiff's retirement in July 2016.

In 2012, Plaintiff received an "Unsatisfactory" rating, received notations in her personnel file for an intruder that was not her student and for failing to address "a puddle from a leaky bottle." During that year, she was also labeled "excessively absent" as a result of taking 20 days off for jury duty, and her rating sheet contained "many attendance errors."

The Complaint also alleges that the following retaliatory acts recurred from 2012 until the date of Plaintiff's retired in 2016. Since 2012, Plaintiff was deliberately assigned to a classroom that was too cold in the winter and too hot in the summer. Plaintiff's classes were always scheduled for open enrollment, whereas other teachers could select students from a pool of applicants to avoid disruptive students. Plaintiff was assigned an excessive number of disruptive students, but students with high GPAs were blocked from taking her class. Assistant

---

[1] Federal courts may take judicial notice of state court proceedings. *See, e.g. United States v. Miller*, 626 F.3d 682, 687 n.3 (2d Cir. 2010) (taking judicial notice of a Vermont Supreme Court decision); *see also Manta Indus., Ltd. v. TD Bank, Nat'l Ass'n*, No. 17 Civ. 2495, 2018 WL 2084167, at *6 (S.D.N.Y. Mar. 29, 2018).

Principal Kontarinis refused to allow Plaintiff to teach advanced courses, and Plaintiff had to use obsolete equipment to teach. Students were required to pay a lab fee to take Plaintiff's class, but not other classes. These incidents allegedly began in 2012 and continued until Plaintiff retired in 2016.

The Complaint also alleges instances of discriminatory conduct in particular school years. During the 2014-2015 school year, Plaintiff was assigned a difficult schedule that required her to teach four back-to-back classes in different classrooms without adequate time to prepare or use the restroom between sessions. During the 2015-2016 school year, Plaintiff was assigned larger classes than her colleagues, and students with behavioral issues were added to her class when enrollment was low. As a result of her large classes, Plaintiff's classroom was always cramped. In January 2016, Assistant Principal Kontarinis singled out Plaintiff's art class for observation and removed her students' work from bulletin boards. During the same month, Plaintiff's furniture was removed from her classroom. In April 2016, a new course list was instituted which resulted in Plaintiff's students not being able to use computers. On May 3, 2016, Principal Barge refused to give Plaintiff a video of a workplace injury she had suffered and told her to obtain a subpoena for it. Assistant Principal Kontarinis refused to allow Plaintiff to use a printer, and in June 2016, it was moved to another teacher's classroom. Just before her retirement, Plaintiff was investigated for allegedly using corporal punishment on a student who was not in her class. The Complaint alleges that Plaintiff was forced to retire on June 28, 2016 at age 55, as a result of ongoing harassment.

After her retirement, Plaintiff filed an EEOC complaint on August 2, 2016. In the section of the EEOC charge form that asks the complainant to identify the type of discrimination, she checked the box labeled "retaliation" (but not "age"). In the accompanying addendum, Plaintiff

elaborated on the mistreatment she had suffered and alleged that she endured "harassment, stress and retaliation" as a result of filing two lawsuits against the DoE alleging discrimination.

## II. LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). On a Rule 12(b)(6) motion, "all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016) (internal quotation marks omitted).

In considering a motion to dismiss, courts may look to documents referenced in the complaint, documents that the plaintiff relied on in bringing suit and matters of which judicial notice may be taken. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). When assessing whether a plaintiff has exhausted her administrative remedies at the motion to dismiss stage, courts can rely on EEOC filings to adjudicate the motion, even when they are not attached to the complaint, because plaintiffs rely on these documents to satisfy the ADEA's administrative exhaustion requirements. *See Holowecki v. Fed. Express Corp.*, 440 F.3d 558,

565 (2d Cir. 2006); *accord Atencio v. U.S. Postal Serv.*, No. 14 Civ. 7929, 2015 WL 7308664, at *4 (S.D.N.Y. Nov. 19, 2015).

Similarly, "[a] court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014); *accord Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000).

## III. DISCUSSION

The Complaint asserts two claims: (1) Plaintiff suffered a hostile work environment and constructive discharge as a result of age discrimination by her superiors and, (2) after filing *Massaro I*, Plaintiff suffered a retaliatory hostile work environment that eventually led to her retaliatory constructive discharge. The age discrimination claims are dismissed because Plaintiff failed to exhaust her administrative remedies. The retaliation claims are dismissed because the Complaint fails to plausibly allege a causal link between Plaintiff's protected activity and the allegedly retaliatory actions.

### A. Plaintiff's Age Discrimination Claims

Plaintiff's age discrimination claims are dismissed for failure to exhaust administrative remedies. A plaintiff must exhaust her administrative remedies before bringing an ADEA claim in court. *Legnani v. Alitalia Linee Aeree Italiane, S.P.A*, 274 F.3d 683, 686 (2d Cir. 2001); *accord Jerry Hodges v. Jefferson B. Sessions, III*, No. 17 Civ. 4273, 2018 WL 4232918, at *2 (S.D.N.Y. Sept. 5, 2018). Claims not raised with the EEOC can be raised in a subsequent court action when they are "reasonably related" to the claims filed with the agency. *Id.* A claim is reasonably related if it "would fall within the scope of the EEOC investigation which can

reasonably be expected to grow out of the charge that was made" before the agency. *Id.* (quoting *Deravin v. Kerik*, 335 F.3d 195, 200–01 (2d Cir. 2003)).

Here, Plaintiff identified "retaliation" and not "age" as the basis for her EEOC complaint, but argues that the facts contained in her EEOC addendum are reasonably related to her claim of age discrimination in this case. "[T]he relationship between a retaliation claim in an EEOC complaint and a subsequently-articulated [age] discrimination claim is not one based on a *per se* rule," but is one "intimately connected to the facts asserted in the EEOC complaint." *Williams v. New York City Hous. Auth.*, 458 F.3d 67, 71 (2d Cir. 2006). Recognizing that "retaliation and discrimination represent very different theories of liability," *id.* at 71 (internal quotation marks omitted), the "central question is whether the complaint filed with the EEOC gave that agency adequate notice to investigate discrimination on both bases," *id.* at 70 (internal quotation marks omitted).

Aside from stating twice that she is 55 years old, Plaintiff's EEOC complaint does not mention age at all, let alone age-based discrimination. Although Plaintiff's EEOC complaint is replete with instances of general mistreatment, the EEOC complaint does not allege that this mistreatment was based on age. Instead, consistent with her stated charge of retaliation, Plaintiff's EEOC addendum alleges that she suffered this mistreatment "as a result of claiming [she had] been discriminated against by filing two lawsuits." In these circumstances, Plaintiff's EEOC complaint did not give the EEOC adequate notice to investigate claims of age-based discrimination. Indeed, the Notice of Discrimination that the EEOC sent to the DoE identifies Title VII of the Civil Rights Act as the relevant law giving rise to the charge, and not the ADEA. As Plaintiff failed to exhaust her administrative remedies with respect to her age discrimination claims, they are dismissed. *See, e.g.*, *Bascom v. Brooklyn Hosp.*, No. 15 Civ. 2256, 2018 WL

6

1135651, at *4 (E.D.N.Y. Feb. 28, 2018) (holding that race discrimination claim was not reasonably related to an EEOC complaint alleging retaliation when it made "no mention of race at all, but alleges that defendant is retaliating against plaintiff 'for having filed complaints'"); *Gonzaga v. Rudin Mgmt. Co.*, No. 15 Civ. 10139, 2016 WL 3962659, at *6–7 (S.D.N.Y. July 20, 2016) (dismissing the plaintiff's age discrimination claim for failure to exhaust administrative remedies when the plaintiff's EEOC complaint mentioned only one age-related incident, which was clearly time-barred).

### B. Plaintiff's Retaliation Claims

Plaintiff's retaliatory hostile work environment claim and retaliatory constructive discharge claim are dismissed because the Complaint fails to plead sufficient facts to show a plausible causal connection between Plaintiff's protected activity and the allegedly retaliatory actions. The alleged retaliatory incidents from 2013 to 2016 are too remote in time from the filing of the Massaro Complaint in 2011 to support an inference of discriminatory animus; and the incidents that occurred in 2012 cannot form the basis for a retaliation claim here because of the doctrine of *res judicata*.

A claim of retaliation under the ADEA must plausibly allege that "(1) [the plaintiff] engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and the adverse action." *See Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013) (stating the requirements for a prima facie case of retaliation under Title VII); *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 129 (2d Cir. 2012) (holding that the same standards apply to claims of retaliation under Title VII and the ADEA); *see also Duplan v. City of New York*, 888 F.3d 612, 625 (2d Cir. 2018) (a sufficient

Title VII claim of retaliation "must plausibly allege that: (1) defendants discriminated -- or took an adverse employment action -- against him, (2) because he has opposed any unlawful employment practice.").

1. **Causation**

Regarding causation, the law is unsettled as to whether the Supreme Court's decision in *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 180 (2009), requires but-for causation only for ADEA claims of disparate treatment, leaving ADEA retaliation claims to be decided under the more relaxed "motivating factor" test. *See Fried v. LVI Servs., Inc.*, 500 F. App'x 39, 41–42 (2d Cir. 2012) (summary order) (declining to reach the issue of whether the "but-for test or the motivating factor analysis" applies to ADEA retaliation claims because the record was insufficient to satisfy either standard). In this case, it is unnecessary to resolve this issue as Plaintiff's Complaint fails to allege facts that would show causation even under the more lenient motivating factor test.

A causal connection in retaliation claims can be demonstrated either "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." Gordon v. N.Y.C. Bd. of Educ., 232 F.3d 111, 117 (2d Cir. 2000) (Title VII retaliation claim); *accord Pierre v. Napolitano*, 958 F. Supp. 2d 461, 482 (S.D.N.Y. 2013) (ADEA retaliation claim). "A complaint of retaliation that is 'wholly conclusory' can be dismissed on the pleadings alone." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996); *accord Blalock v. Jacobsen*, No. 13 Civ. 8332, 2014 WL 5324326, at *6 (S.D.N.Y. Oct. 20, 2014).

Here Plaintiff alleges that Defendants engaged in a campaign of harassment, ultimately forcing her resignation, on account of her 2008 and 2011 lawsuits. The Complaint alleges retaliation only in a conclusory fashion but does not allege facts sufficient to show a causal link between Plaintiff's filing of *Massaro I* (the protected activity) and the subsequent allegedly retaliatory actions taken against Plaintiff.

The Complaint offers no direct evidence of retaliatory animus directed towards Plaintiff. The Complaint also contains no indirect evidence, such as allegations of retaliatory conduct directed at other employees who filed lawsuits against the DoE; or allegations of specific adverse actions directed at Plaintiff that closely followed the filing of *Massaro I,* with specific dates identifying when the first retaliatory action commenced. The Complaint alleges that Plaintiff "endured a retaliatory hostile work environment . . . as a result of claiming she has been discriminated against" and that the retaliation took place "from August 2013 to [the] date of her retirement in July 2016." This allegation is insufficient as a matter of law to infer retaliatory animus from temporal proximity.

Although there is no bright line to determine when the gap between protected activity and retaliatory action is too attenuated, when the plaintiff relies on temporal proximity alone, the cases "uniformly hold that the temporal proximity must be very close." *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (internal quotation marks omitted); *accord Carter v. Verizon*, No. 13 Civ. 7579, 2015 WL 247344, at *14 (S.D.N.Y. Jan. 20, 2015). An adverse action that occurs within days of a protected activity is likely sufficiently close to infer causation, but several months is not. *Compare Littlejohn*,795 F.3d at 319–20 ("Littlejohn's allegations that the demotion occurred within days after her complaints of discrimination are sufficient to plausibly support an indirect inference of causation.") *with Hollander v. Am. Cyanamid Co.*, 895 F.2d 80,

85–86 (2d Cir. 1990) (holding that the "lack of evidence demonstrating a causal nexus between [plaintiff's] age discrimination complaint and any subsequent action taken towards him" precluded his claim where the only evidence of causation was a three-and-a-half-month lapse between complaint and adverse action). District courts in this circuit have held that a "temporal gap of more than a few months will generally be insufficient to raise a plausible inference of causation without more." *Ray v. N.Y. State Ins. Fund*, No. 16 Civ. 2895, 2018 WL 3475467, at *11 (S.D.N.Y. July 18, 2018) (collecting cases).

Plaintiff filed *Massaro I* in October 2011, and the Complaint alleges that the retaliation began in August 2013. This twenty-two month gap between the protected activity and alleged retaliatory action is too large to show a causal link, particularly when Plaintiff relies on temporal proximity alone. *See Dhar v. City of New York*, 655 F. App'x 864, 866 (2d Cir. 2016) (summary order) (holding that a ten-month gap between a complaint and a retaliatory act was too attenuated to support causation at the motion to dismiss stage when the plaintiff relied on temporal proximity alone).

The Complaint as a whole contains examples of conduct that occurred "from 2012 to the date of [Plaintiff's] constructive termination."[2] However, these are not within the period of claimed retaliation, perhaps in recognition of the principle of *res judicata*, discussed below. Even if incidents of retaliation during 2012 were pertinent, the Complaint's allegations are "too vague in nature and non-specific" about time to provide a basis for analyzing temporal

---

[2] As these acts are alleged to be a part of an alleged continuing violation of harassment they are not outside the statute of limitations and may be considered. Otherwise time-barred claims may proceed when separate acts "collectively constitute one unlawful employment practice." *Washington v. County of Rockland*, 373 F.3d 310, 318 (2d Cir. 2004) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 111 (2002)); *accord Staten v. City of New York*, 726 F. App'x 40, 43 (2d Cir. 2018) (summary order).

proximity. *See Carter*, 2015 WL 247344, at *15 (granting a motion to dismiss when the plaintiff's complaint did not identify specific dates as to when retaliatory actions commenced). The earliest retaliatory action for which the Complaint provides a specific date -- the Unsatisfactory Rating -- occurred in June 2012, eight months after *Massaro I* was filed. When relying on temporal proximity alone, an eight-month gap between the protected activity and the retaliatory conduct is too great to establish causation. *See id.* at *15 (A seven month gap between a complaint and a retaliatory act "is not close enough in time . . . to give rise to any plausible causal inference.").

### 2. *Res Judicata*

Even if the Complaint offered specific examples of retaliatory actions earlier in 2012, *res judicata* precludes Plaintiff from relying on incidents before May 10, 2013, when *Massaro I* was dismissed. Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court must apply New York *res judicata* law to New York state court judgments. *See AmBase Corp. v. City Investing Co. Liquidating Tr.*, 326 F.3d 63, 72 (2d Cir. 2003). Under New York Law, the doctrine of "[r]es *judicata* gives binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently relitigating any questions that were necessarily decided therein." *Ferris v. Cuevas*, 118 F.3d 122, 126 (2d Cir. 1997) (internal quotation marks omitted) (quoting *Watts v. Swiss Bank Corp.*, 265 N.E.2d 739, 743 (N.Y. 1970)); *accord Ortega v. Arnold & Marie Schwartz Hall of Dental Sciences*, No. 13 Civ. 9155, 2016 WL 1117585, at *4 (S.D.N.Y. Mar. 21, 2016) (applying New York law). "[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Paramount Pictures Corp. v. Allianz Risk*

*Transfer AG*, 96 N.E.3d 737, 751 (N.Y. 2018) (internal quotation marks omitted). To determine whether two acts stem from the same transaction, courts look to "whether the [underlying] facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Xiao Yang Chen v. Fischer*, 843 N.E.2d 723, 725 (N.Y. 2005) (internal quotation marks omitted); *accord Specialized Realty Servs., LLC v. Maikisch*, 999 N.Y.S.2d 430, 432 (2d Dep't 2014).

Plaintiff's second amended complaint in *Massaro I*, the last-filed complaint in that action, contains facts similar to the 2012 factual allegations in Plaintiff's current Complaint. Specifically, the *Massaro I* complaint states that between 2006 to 2012, Plaintiff's superiors forced her to work in unsanitary classroom conditions, filed a letter in her personnel file for excessive absences, gave her inadequate access to teaching materials, did not allow Plaintiff to teach new classes, and assigned Plaintiff larger classes with many disruptive students. The *Massaro I* complaint also alleges that in 2012, Plaintiff received an Unsatisfactory rating and was falsely accused of not timely reporting a chemical spill.

These facts are identical to, or arise out of the same series of transactions as, the 2012 allegations in Plaintiff's current Complaint. The unsatisfactory rating and chemical spill incident in *Massaro I* are pleaded again in the Complaint in this case, but the doctrine of res judicata precludes Plaintiff from reasserting those claims here. *See, e.g.*, *Bayer v. City of New York*, 983 N.Y.S.2d 61, 64 (2d Dep't. 2014) (res judicata precluded the plaintiff's claims when he asserted many of the same instances of age discrimination that underpinned his prior litigation in his current action).

The remaining 2012 incidents alleged in the Complaint are not specifically mentioned in *Massaro I*, but they arise from the same series of transactions that formed the basis for the prior action. Like the facts alleged in *Massaro I*, the 2012 incidents here relate to Plaintiff's employment as a teacher, involve the same actors (Plaintiff and Assistant Principal Kontarinis), and are similar in kind to the adverse actions Plaintiff alleges she suffered in *Massaro I*. The Complaint here alleges that in 2012, Plaintiff suffered from poor classroom conditions, faulty attendance records, inadequate teaching equipment, disruptive students, and inadequate advanced art courses. The 2012 incidents in Plaintiff's Complaint are precluded on res judicata grounds because they arise from the same underlying series of transactions as *Massaro I*. *See Gropper v. 200 Fifth Owner LLC*, 58 N.Y.S.3d 42, 43 (1st Dep't 2017) (barring the plaintiff's claim on res judicata grounds when the allegations of disability discrimination in the new action merely consisted of additional instances of conduct previously asserted in a prior lawsuit); *Reininger v. New York City Transit Auth.*, No. 11 Civ. 7245, 2016 WL 10566629, at *7 (S.D.N.Y. Dec. 22, 2016) (barring the plaintiff's claim when her current and prior legal actions mention the same types of workplace mistreatment the plaintiff suffered at the hands of the same supervisors).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.

The Clerk of Court is respectfully directed to close the motion at Docket Number 22 and close the case.

Dated: September 11, 2018
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**